UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| STEPHEN BUSHANSKY, <br><br> Plaintiff, <br><br> v. <br><br> CABOT OIL & GAS CORPORATION, DAN O. DINGES, DOROTHY M. ABLES, RHYS J. BEST, ROBERT S. BOSWELL, AMANDA M. BROCK, PETER B. DELANEY, W. MATT RALLS, and MARCUS A. WATTS, <br><br> Defendants. | Case No._____ <br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> JURY TRIAL DEMANDED |

---

Plaintiff Stephen Bushansky ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This action is brought by Plaintiff against Cabot Oil & Gas Corporation ("Cabot" or the "Company") and the members of Cabot's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a stock issuance proposal ("Share Issuance Proposal"), pursuant to which Cabot will issue

shares in connection with its acquisition of Cimarex Energy Co. ("Cimarex") through Cabot's subsidiary Double C Merger Sub, Inc. ("Merger Sub") (the "Proposed Transaction").

2. On May 24, 2021, Cimarex and Cabot issued a joint press release announcing that they had entered into an Agreement and Plan of Merger, dated May 23, 2021, to sell Cimarex to Cabot (as amended on June 29, 2021, the "Merger Agreement"). Under the terms of the Merger Agreement, each Cimarex stockholder will be entitled to receive 4.0146 shares of Cabot common stock for each Cimarex share they own (the "Merger Consideration"). Upon completion of the Proposed Transaction, Cabot shareholders will own approximately 49.5% and Cimarex shareholders will own approximately 50.5% of the combined company on a fully diluted basis. The Proposed Transaction is valued at approximately $7.4 billion.

3. On August 23, 2021, Cabot filed a Prospectus on Form 424B3 (the "Prospectus") with the SEC. The Prospectus, which recommends that Cabot stockholders vote in favor of the Share Issuance Proposal, omits or misrepresents material information concerning, among other things: (i) Cabot's and Cimarex's financial projections; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by J.P. Morgan Securities LLC ("JPM"). The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Cabot stockholders need such information in order to make a fully informed decision whether to vote in favor of the Share Issuance Proposal.

4. In short, unless remedied, Cabot's public stockholders will be forced to make a voting decision on the Share Issuance Proposal without full disclosure of all material information concerning the Share Issuance Proposal being provided to them. Plaintiff seeks to

enjoin the stockholder vote on the Share Issuance Proposal unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. Moreover, Cabot's common stock trades on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Cabot.

9. Defendant Cabot is a Delaware corporation, with its principal executive offices located at Three Memorial City Plaza, 840 Gessner Road, Suite 1400, Houston, Texas 77024. Cabot is a leading independent natural gas producer. Cabot's shares trade on the New York Stock Exchange under the ticker symbol "COG."

10. Defendant Dan O. Dinges ("Dinges") is Chairman of the Board, President, and Chief Executive Officer ("CEO") of the Company, and has been a director of the Company since 2001.

11. Defendant Dorothy M. Ables ("Ables") has been a director of the Company since 2015.

12. Defendant Rhys J. Best ("Best") has been a director of the Company since 2008.

13. Defendant Robert S. Boswell ("Boswell") has been a director of the Company since 2015.

14. Defendant Amanda M. Brock ("Brock") has been a director of the Company since 2017.

15. Defendant Peter B. Delaney ("Delaney") has been a director of the Company since 2018.

16. Defendant W. Matt Ralls ("Ralls") has been a director of the Company since 2011.

17. Defendant Marcus A. Watts ("Watts") has been a director of the Company since August 2017.

18. Defendants identified in paragraphs 10-17 are referred to herein as the "Board" or the "Individual Defendants."

**OTHER RELEVANT ENTITIES**

19. Cimarex is a Delaware corporation, with its principal executive offices located at 1700 Lincoln Street, Suite 3700, Denver, Colorado 80203. Cimarex is an independent oil and gas exploration and production company. Its operations are located entirely within the United States of America, mainly in Texas, New Mexico and Oklahoma. Currently, its operations are

focused in two main areas: the Permian Basin and the Mid-Continent region. The Permian Basin region encompasses west Texas and southeast New Mexico. The Mid-Continent region consists of portions of Oklahoma. Cimarex's shares trade on the New York Stock Exchange under the ticker symbol "XEC."

20. Merger Sub is a Delaware corporation and a direct, wholly owned subsidiary of Cabot.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

21. Cabot is an independent oil and gas company engaged in the development, exploitation, exploration and production of oil and gas properties exclusively onshore in the United States. Cabot's assets are concentrated in the Marcellus Shale, in areas with known hydrocarbon resources which are conducive to multi-well, repeatable drilling programs. The Company operates in one segment: natural gas development, exploitation, exploration and production, in the continental United States. As of December 31, 2020, Cabot had approximately 13.7 trillion cubic feet of natural gas equivalent of total proved reserves. Cabot's 2020 net production was 100% natural gas from the Marcellus Shale in northeastern Pennsylvania.

22. On July 30, 2021, the Company announced its second quarter 2021 financial results. Second quarter 2021 net income was $30.5 million, or $0.08 per share, compared to $30.4 million in the prior-year period. Second quarter 2021 adjusted net income was $105.5 million, or $0.26 per share, compared to $18.0 million, or $0.05 per share, in the prior-year period. Second quarter 2021 EBITDAX was $245.1 million, compared to $136.9 million in the prior-year period. Second quarter 2021 net cash provided by operating activities was $178.9

million, compared to $136.4 million in the prior-year period.  Second quarter 2021 discretionary cash flow was $215.4 million, compared to $119.2 million in the prior-year period.  Second quarter 2021 free cash flow was $64.1 million, compared to loss of $63.3 million in the prior-year period.

**The Proposed Transaction**

23.    On May 24, 2021, Cimarex and Cabot issued a joint press release announcing the Proposed Transaction, which states, in relevant part:

> HOUSTON and DENVER, May 24, 2021 -- Cabot Oil & Gas Corporation ("Cabot") (NYSE: COG) and Cimarex Energy Co. ("Cimarex") (NYSE: XEC) today announced that they have entered into a definitive agreement whereby the companies will combine in an all-stock merger of equals.  The combination will bring together two industry-leading operators with top-tier oil and natural gas assets to create a diversified energy leader that is positioned to drive enhanced free cash flow generation and returns for investors through market cycles.
>
> Under the terms of the agreement, which has been unanimously approved by the Boards of Directors of both companies, Cimarex shareholders will receive 4.0146 shares of Cabot common stock for each share of Cimarex common stock owned.  The exchange ratio, together with closing prices for Cabot and Cimarex on May 21, 2021, reflects an enterprise value for the combined companies of approximately $17 billion.  Upon completion of the transaction, Cabot shareholders will own approximately 49.5% and Cimarex shareholders will own approximately 50.5% on a fully diluted basis.
>
> "The combination of Cabot and Cimarex will create a free cash flow focused, diversified energy company with the scale, inventory and financial strength to thrive across commodity price cycles," Dan O. Dinges, Chairman, President and CEO of Cabot.  "The combined business will be overseen by an experienced Board and a management team that is committed to a prudent strategy built on disciplined capital investment, strong free cash flow generation and increasing returns to shareholders.  With its premier assets, increased resource diversity and a strong financial foundation, the company will be well positioned to deliver long-term value creation for its shareholders and other stakeholders."
>
> "This transformational merger will combine our top-tier assets and advance our shared focus on delivering superior returns for investors," said Thomas E. Jorden, Chairman, President and CEO of Cimarex.  "We're building an even more resilient platform with greater financial strength in order to deliver sustainable, through-cycle returns on and of capital.  We view commodity, geography and

asset diversification as strategic advantages that will drive more resilient free cash flow and long-term value creation. We are aligned on our commitment to ESG and sustainability and look forward to bringing our talented teams together to unlock the tremendous potential of this compelling combination."

**Strategic and Financial Benefits of Creating a Free Cash Flow Focused, Diversified Oil & Gas Producer**

- **Premier Multi-Basin Exposure Will Enhance Scale, Diversity and Capital Optionality:** With Cabot's approximately 173,000 net acres in the Marcellus Shale and Cimarex's approximately 560,000 net acres in the Permian and Anadarko basins, the combined business will have a multi-decade inventory of high-return development locations in the premier oil and natural gas basins in the United States.
- **Attractive and Sustainable Free Cash Flow Profile:** Executing a disciplined capital allocation and reinvestment strategy, the combined business will be positioned to capitalize on its high-quality assets and diversification to drive through-cycle free cash flow generation across a wide range of commodity price scenarios. The company's low-cost and capital efficient inventory is expected to support its robust, cumulative free cash flow outlook of approximately $4.7 billion of free cash flow from 2022 to 2024 based on $55 per barrel WTI oil prices and $2.75 per MMBtu NYMEX natural gas prices.
- **Positioned to Accelerate the Return of Capital to Shareholders:** The combined business will be well positioned to deliver enhanced capital returns to shareholders across a full range of market conditions through a multi-faceted program offering a sustainable base dividend that is positioned to grow over time, a variable dividend and a special dividend. The new business is expected to have an annual base dividend of $0.50 per share (representing a forward dividend yield of 2.8%), which is paid quarterly, and plans to supplement the base dividend with a quarterly variable dividend to achieve a target capital return of at least 50% of quarterly free cash flow, with the first payment expected in the first quarter of 2022. The combined business also plans to declare and pay a $0.50 per share special dividend to all common shareholders of the combined business promptly after the closing of the transaction.
- **Substantial Cost Saving Opportunity:** The companies are targeting annual general and administrative cost synergies of $100 million beginning within 18 months to two years following the closing.
- **Strong Balance Sheet:** The combined business is expected to have a strong capital structure with minimal near-term debt maturities and a low cost of capital. Upon closing, the combined business is anticipated to have pro forma liquidity of $2.2 billion and will target a net debt-to-EBITDAX ratio of less than 1.0x. This strong financial foundation and broader scale is expected to provide flexibility and optionality for capital deployment.
- **Commitment to ESG and Sustainability:** Cabot and Cimarex share commitments to environmental stewardship, sustainability and strong corporate governance. The combined business will build on the two companies' ongoing

ESG efforts by, among other things, continuing to link executive compensation to ESG performance and maintaining strong board oversight of ESG risks and programs. The combined business is expected to report sustainability metrics pursuant to SASB and TCFD standards.

### Headquarters, Leadership and Governance

The combined business, which will operate under a new name, plans to be headquartered in Houston and maintain its regional offices.

Upon closing, Mr. Dinges will serve as Executive Chair of the Board of Directors of the newly combined business and Mr. Jorden will lead the company as CEO and will serve on the Board of Directors. Scott Schroeder, Cabot's current Chief Financial Officer, will serve as CFO of the combined business. The remainder of the company's leadership team will include executives from both Cabot and Cimarex.

The Board of Directors of the company will be composed of five directors from the current Cabot Board of Directors, including Mr. Dinges, and five directors from the current Cimarex Board of Directors, including Mr. Jorden.

### Timing and Approvals

The transaction is expected to close in the fourth quarter of 2021, subject to regulatory clearance, the approval of Cabot and Cimarex common shareholders and the satisfaction of other customary closing conditions.

Both Cabot and Cimarex intend to continue paying base quarterly cash dividends through closing.

## Insiders' Interests in the Proposed Transaction

24. Cabot insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders. The Board and the Company's executive officers are conflicted because they will receive unique benefits in connection with the Proposed Transaction not available to Plaintiff and the other public stockholders of Cabot.

25. Notably, certain Company insiders have secured positions for themselves with the combined company. For example, under the terms of the Merger Agreement, five current Cabot

directors, including defendant Dinges, will be appointed to continue to serve on the Cabot board upon completion of the merger.

26. Moreover, defendant Dinges has entered into a letter agreement with Cabot (the "Dinges Agreement") that will be effective during the period commencing on the effective time of the merger and ending on the earlier of (1) December 31, 2022 or (2) the chairman succession date (we refer to such period as the "Dinges Employment Period"). The Dinges Agreement provides that defendant Dinges will be employed as Executive Chairman of the Cabot board and serve as a member of the Cabot board during the Dinges Employment Period. Defendant Dinges will receive an annual base salary of $1,100,000, will be eligible for an annual cash incentive award with a target opportunity of 130% of his annual base salary, and will be granted annual long-term incentive awards with a target grant date fair value of $4,500,000.

27. In addition, if they are terminated in connection with the Proposed Transaction, Cabot's named executive officers will receive substantial cash severance payments in the form of golden parachute compensation, as set forth in the following table:

|  | Cash ($)[1] | Equity ($)[2] | Perquisites/ Benefits ($)[3] | Tax Reimbursement ($)[4] | Total ($) |
|---|---|---|---|---|---|
| Dan O. Dinges | 10,450,164 | 21,833,358 | 214,577 | 0 | 32,498,099 |
| Scott C. Schroeder | 5,178,349 | 9,976,991 | 192,846 | 0 | 15,348,186 |
| Jeffrey W. Hutton | 3,058,649 | 2,960,356 | 119,405 | 2,048,491 | 8,186,901 |
| Phillip L. Stalnaker | 3,058,649 | 2,960,356 | 177,623 | 2,356,079 | 8,552,707 |
| Steven W. Lindeman | 3,058,649 | 2,960,356 | 141,008 | N/A | 6,160,013 |

**The Prospectus Contains Material Misstatements and Omissions**

28. The defendants filed a materially incomplete and misleading Prospectus with the SEC and disseminated it to Cabot's stockholders. The Prospectus misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote their shares in favor of the Share Issuance Proposal.

29. Specifically, as set forth below, the Prospectus fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) Cabot's and Cimarex's financial projections; and (ii) the inputs and assumptions underlying the financial analyses performed by the Company's financial advisor JPM. Accordingly, Cabot stockholders are being asked to vote in favor of the Share Issuance Proposal without all material information at their disposal.

*Material Omissions Concerning Cabot's and Cimarex's Financial Projections*

30. The Prospectus omits material information regarding the Company's and Cimarex's financial projections.

31. For example, with respect to each set of the Company's and Cimarex's projections, the Prospectus fails to disclose the line items underlying: (i) EBITDAX; and (ii) Free Cash Flow (Pre-Dividend).

32. The omission of this information renders the statements in the "Cabot Unaudited Forecasted Financial Information" section of the Prospectus false and/or materially misleading in contravention of the Exchange Act

*Material Omissions Concerning JPM's Financial Analyses*

33. The Prospectus also describes JPM's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of JPM's fairness opinion and analysis fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Cabot's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on JPM's fairness opinion in determining whether to vote in favor of the Share Issuance Proposal.

This omitted information, if disclosed, would significantly alter the total mix of information available to Cabot's stockholders.

34. With respect to JPM's *Public Trading Multiples* analysis, the Prospectus fails to disclose the individual multiples and financial metrics for each of the companies analyzed.

35. With respect to JPM's *Discounted Cash Flow Analysis*, the Prospectus fails to disclose: (i) quantification of the inputs and assumptions underlying the discount rates ranging from 8.25% to 9.25% and 9.50% to 10.50% for Cabot and Cimarex, respectively; and (ii) the Company's and Cimarex's net debt and other adjustments as of March 31, 2021.

36. With respect to JPM's *Discounted Cash Flow-Based Value Creation Analysis*, the Prospectus fails to disclose the sum of estimated transaction expenses and other items utilized in the analysis.

37. The omission of this information renders the statements in the "Opinion of J.P. Morgan Securities LLC, Cabot's Financial Advisor" section of the Prospectus false and/or materially misleading in contravention of the Exchange Act.

38. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Prospectus. Absent disclosure of the foregoing material information prior to the stockholder vote on the Share Issuance Proposal, Plaintiff and the other stockholders of Cabot will be unable to make a sufficiently informed voting decision in connection with the Share Issuance Proposal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

39.   Plaintiff repeats all previous allegations as if set forth in full.

40.   During the relevant period, defendants disseminated the false and misleading Prospectus specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

41.   By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Prospectus.  The Prospectus was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about (i) Cabot's and Cimarex's financial projections; and (ii) the inputs and assumptions underlying JPM's financial analyses.  The defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

42.   The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder would consider them important in deciding how to vote on the Share Issuance Proposal.

43.   By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

44.   Because of the false and misleading statements in the Prospectus, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Claims Against the Individual Defendants for Violations
of Section 20(a) of the Exchange Act**

45.     Plaintiff repeats all previous allegations as if set forth in full.

46.     The Individual Defendants acted as controlling persons of Cabot within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Cabot, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

47.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Prospectus and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Prospectus at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Share Issuance Proposal. They were, thus, directly involved in the making of the Prospectus.

49.     In addition, as the Prospectus sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Prospectus purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

50.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Cabot stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Cabot, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Share Issuance Proposal, unless and until defendants disclose and disseminate the material information identified above to Cabot stockholders;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  September 10, 2021                                  **WEISSLAW LLP**

                                                            By _____
                                                            Richard A. Acocelli
                                                            1500 Broadway, 16th Floor
                                                            New York, New York 10036
                                                            Tel: (212) 682-3025
                                                            Fax: (212) 682-3010
                                                            Email: racocelli@weisslawllp.com

                                                            *Attorneys for Plaintiff*